IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARVIN E. NEWTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-039-H-BQ |
| | § | |
| CROSBY COUNTY 72nd DISTRICT | § | |
| COURT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding *pro se*, Plaintiff Marvin Newton filed this action on March 9, 2022. ECF No. 3. Under *Special Order No. 3-251*, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management. ECF No. 1. As of the date of these findings, conclusions, and recommendation (FCR), Newton has not filed an adequate amended complaint, paid the filing fee, or submitted a signed Application to Proceed *In Forma Pauperis* (IFP), as previously directed by the Court. *See* ECF No. 4. Newton has not cured these deficiencies despite a second Court order to do so. ECF No. 8.

The undersigned therefore recommends that the United States District Judge dismiss this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

## I.    Background

After reviewing Newton's Complaint, the Court entered an order on March 10, 2022, requiring Newton to complete a standardized form attesting to his financial condition, or to pay the $402.00 filing fee, and directing him to file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure. ECF No. 4. In its March 10 order, the Court admonished

Newton that "failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b)." *Id.* at 3 (emphasis omitted).

On March 18, Newton filed a document that the Court liberally "construe[d] as an Amended Complaint, but the document . . . fail[ed] to comply with the requirements of Rule 8(a)"—i.e., Newton failed to provide a "short and plain statement" that clearly indicates what claims he intends to bring, the grounds upon which they rest, and the relief he seeks. ECF Nos. 6, 8. The Court therefore reiterated in a second order and notice of deficiency, entered April 5, that Newton must comply with the requirements of its previous order, and that his failure to do so would "result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b)." ECF No. 8, at 3 (emphasis omitted). The Court ordered Newton to comply with the April 5 order no later than April 26, 2022. *Id.* at 2.

The same day that the Court entered its second order notifying Newton of the deficiencies in his pleadings, Newton filed a handwritten document using the Court's emergency filing email address.[1] ECF No. 7. Although difficult to read, the filing appears to be an attempt to supplement his Amended Complaint. *Id.* Despite being provided multiple opportunities to amend or correct his filings, Newton has not complied with the Court's prior orders, and instead repeatedly files documents that are insufficient and incomprehensible. It is clear from Newton's most recent filing (*id.*) that he does not intend to comply with the Court's previous orders. In this posture, the Court can only conclude that Newton no longer wishes to pursue his claims.

---

[1] In its April 5 order, the Court admonished Newton that N.D. Tex. Loc. Civ. R. 5.1 requires all parties, including pro se parties, to file all pleadings using the Court's electronic filing system, and that future filings that failed to comply with Local Rule 5.1 would be unfiled and returned to him. ECF No. 8, at 2. Newton submitted a handwritten document to the Court using the Court's emergency filing email address in the evening of April 5, which the Clerk docketed on April 6 as a public correspondence. ECF No. 7.

## II.    Discussion

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

### A. Newton's Amended Complaint should be dismissed because he has not complied with Court orders to pay the filing fee or apply to proceed IFP.

The Court "may authorize" a plaintiff to proceed "without prepayment of fees," i.e., *in forma pauperis*, in a civil action. 28 U.S.C. § 1915(a)(1). In the Northern District of Texas, a plaintiff must use the authorized IFP application form. *Cf.* Misc. Order No. 15 ("A party, other than an incarcerated person, desiring to proceed without prepaying fees or costs in the Northern District of Texas should complete the AO 239 form . . . ."). As of the date of this FCR, and despite repeated instructions from the Court, Newton has not filed a motion to proceed IFP in any form— approved or not—nor has he paid the requisite filing fee. A plaintiff's failure to follow court orders concerning payment of the filing fee or applying for IFP status is grounds for dismissal of the complaint without prejudice. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (affirming dismissal of plaintiff's complaint after he refused to follow district court's orders requiring submission of documents allowing the court to determine whether plaintiff's IFP application had been filed in good faith); *Hodge v. Texas*, No. 3:02-CV-0802-H, 2002 WL 2030868, at *1 (N.D. Tex. Sept. 3, 2002) (dismissing plaintiff's case where he failed to pay the filing fee after one notice of deficiency); *Mendiola v. Doe*, No. 7:16-MC-00432, 2019 WL 359860, at *1 (S.D. Tex. Jan. 10, 2019) ("Plaintiff has not paid his filing fee. Plaintiff's failure to

3

comply with the Court's order and failure to pay the filing fee provides an adequate basis for dismissal without prejudice."), *R. & R. adopted by* 2019 WL 355757 (S.D. Tex. Jan. 29, 2019).

This case has been pending for almost two months and, despite receiving two deficiency notices, Newton has not provided the requisite information. Because Newton has not filed a properly supported IFP motion or paid the filing fee, this case cannot proceed. *See, e.g., Jennings v. United States of America*, No. 5:21-CV-144-H-BQ, 2021 WL 5339646, at *2, *5 (N.D. Tex. Oct. 28, 2021) (recommending dismissal of claims where plaintiff neither paid the filing fee nor filed a sufficient motion to proceed IFP), *R. & R. adopted by* 2021 WL 5326555 (N.D. Tex. Nov. 16, 2021); *Bekendam v. Texas*, No. 3:21-CV-577-M-BH, 2021 WL 2481890, at *1 (N.D. Tex. May 24, 2021) (recommending dismissal where plaintiff failed to comply with the court's initial notice of deficiency and did not pay the filing fee or submit an IFP application), *R. & R. adopted by* 2021 WL 2477709 (N.D. Tex. June 17, 2021); *Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (recommending denial of plaintiff's IFP application and dismissal of the case, where plaintiff "failed to comply with the Court's directive to provide additional financial information," despite being provided multiple opportunities), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019), *appeal dismissed*, 847 F. App'x 219 (5th Cir. 2021).

## B. Newton's failure to file a non-frivolous amended complaint provides further basis for dismissal.

In addition, the Court notes that Newton's failure to file an adequate amended complaint setting forth non-frivolous claims for relief provides additional justification for dismissal. Newton has not complied with the Court's March 10 or April 5 orders to file a complete amended complaint that complies with Fed. R. Civ. P. 8(a). ECF Nos. 4, 8. The Court could dismiss for this reason alone. *See, e.g., Minorchio v. Bank of Am.*, No. A-10-CA-406 LY, 2010 WL 11652405, at *1–2

4

(W.D. Tex. Aug. 27, 2010) (recommending dismissal of pro se complaint where plaintiff "ignored a court order requiring him to file an Amended Complaint remedying the deficiencies of his Original Complaint" and therefore failed to "make a short and plain statement of his claim showing that he is entitled to relief" or "provide the defendants fair notice of the claims made against them"), *R. & R. adopted by* 2010 WL 11652404 (W.D. Tex. Sept. 24, 2010); *see also Downum v. City of Rockport*, No. 2:19-CV-342, 2020 WL 1958845, at *1 (S.D. Tex. Mar. 12, 2020) (recommending dismissal following an order to amend plaintiff's complaint, when plaintiff "again present[ed] his claims in a confusing and haphazard fashion," including "several pages in which he present[ed] various confusing and often times nonsensical allegations against some defendants named in his original complaint, some defendants named in his amended complaint, and other individuals" not named in either), *R. & R. adopted by* 2020 WL 1953623 (S.D. Tex. Apr. 23, 2020), *reconsideration denied*, 2020 WL 3490218 (S.D. Tex. June 26, 2020).

Here, the Court finds dismissal is warranted even if such action results in the statute of limitations barring future attempts by Newton to pursue these claims.[2] *See Nottingham*, 837 F.3d at 441 (applying a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations, "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice" (internal quotation marks and citation omitted)). Newton has failed to comply with the Court's orders to pay the filing fee or file IFP, as well as submit an adequate amended complaint, despite having been afforded multiple opportunities to do so. Because he is proceeding pro se, his "recalcitrance is attributable to [him] alone." *Coleman*, 2019 WL 5069065, at *3 ("Finally, in light of Plaintiff's repeated refusals to pay the filing fee or provide the financial information sought, no lesser sanction will

---

[2] Newton's pleadings do not specify the authority under which he brings his claims. *See* ECF Nos. 3, 6, 7.

prompt diligent prosecution of this case."). *Id.*; *see Rush v. Miss. Dep't of Rehab. Disability Determination Servs.*, No. 3:19-cv-71-HSO-JCG, 2019 WL 3577704, at *5 (S.D. Miss. May 22, 2019) ("Even if the dismissal would effectively be a dismissal with prejudice because of an expired statute of limitations, there is a clear record of contumacious conduct by [plaintiff] that can only be attributed to him, and lesser sanctions would not serve the best interests of justice.").

## III.    Recommendation

Because Newton has not complied with Court orders to file an amended complaint, pay the filing fee, or otherwise demonstrate he is entitled to pauper status, the undersigned recommends that the United States District Judge dismiss this action without prejudice under Fed. R. Civ. P. 41(b).

## IV.    Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: May 12, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE